UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LOGICORP ENTERPRISES, LLC,

    Plaintiff,

v.

C.H. ROBINSON WORLDWIDE, INC.;
ZURICH AMERICAN INSURANCE
COMPANY; CAROLINA BEVERAGE
GROUP, LLC; THE NETHERLANDS
INSURANCE COMPANY; GREG
FORSYTH; BILLIE JEAN RAY; and
SHEILA COLSON,

    Defendants.

CIVIL ACTION FILE NO.:
_____

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff Logicorp Enterprises, LLC ("Logicorp") and, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, files this Complaint for Declaratory Judgment and respectfully shows this Court as follows:

## ISSUES UPON WHICH A DECLARATION IS SOUGHT BY PLAINTIFF

1.

This is an action for declaratory judgment wherein plaintiff seeks a declaration from this Court that **(1)** C.H. Robinson Worldwide, Inc.'s Business

Automobile insurance policy with Zurich American Insurance Company, policy number BAP 8374836-13; **(2)** C.H. Robinson Worldwide, Inc.'s General Liability Coverage insurance policy with Zurich American Insurance Company, policy number GLO 8374839-13; and **(3)** Carolina Beverage Group, LLC's insurance policy with The Netherlands Insurance Company, policy number CBP 8829241, provide additional insurance coverage to Logicorp and Jesus Pruneda, for a June 17, 2011 motor vehicle accident ("the incident") on southbound Interstate 85, approximately one mile south of Buford Drive, for the claimed damages arising from the incident being asserted by the allegedly injured claimants.  True and accurate copies of the Zurich and The Netherlands insurance policies are attached hereto as Exhibits "A", "B", and "C", respectively.

2.

C.H. Robinson Worldwide, Inc., Zurich American Insurance Company, Carolina Beverage Group, LLC, and The Netherlands Insurance Company have denied insurance coverage to Logicorp for damages arising from the incident.

### JURISDICITON AND VENUE

3.

This action is within the Court's original jurisdiction under the provisions of 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and

the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.

Plaintiff Logicorp is a limited liability company existing under the laws of the state of Texas with its principal place of business in Texas. The sole member/owner of Logicorp also resides in Texas.

5.

Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") is a Delaware corporation with its principal place of business located at 14701 Charles Road, Suite 1400, Eden Prairie, MN 55347. C.H. Robinson conducts continuous and systematic trucking operations in the State of Georgia and is subject to both specific and general personal jurisdiction in Georgia. C.H. Robinson may be served with process through its registered agent Corporation Service Company, located at 380 Jackson Street, Suite 700, St. Paul, MN 55101. Once served, C.H. Robinson will be subject to jurisdiction and venue in this Court.

6.

Defendant Zurich American Insurance Company ("Zurich") is a New York corporation with its principal place of business located at 1400 American Lane T-1, FL-4, Shaumburg, IL 60196. Zurich conducts continuous and systematic

insurance related business in the State of Georgia and is subject to both specific and general personal jurisdiction in Georgia. Zurich may be served with process through Corporation Service Company, its registered agent in Georgia, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Once served, Zurich will be subject to jurisdiction and venue in this Court.

7.

Defendant Carolina Beverage Group, LLC, formerly known as Carolina Beer & Beverage, LLC (collectively referred to hereinafter as "Carolina Beverage") is a North Carolina corporation with its principal place of business located at 110 Barley Park Lane, Mooresville, NC 28115. Carolina Beverage conducts continuous and systematic trucking operations in the State of Georgia and is subject to both specific and general personal jurisdiction in Georgia. Carolina Beverage may be served with process through its registered agent James Michael Smith, 110 Barley Park Lane, Mooresville, NC 28115. Once served, Carolina Beverage will be subject to jurisdiction and venue in this Court.

8.

Defendant The Netherlands Insurance Company ("Netherlands") is a New Hampshire corporation with its principal place of business located at 62 Maple Avenue, Keene, NH 03431. Netherlands conducts continuous and systematic

insurance related business in the State of Georgia and is subject to both specific and general personal jurisdiction in Georgia. Netherlands may be served with process through Lawyers Incorporating Service, its registered agent in New Hampshire, located at 14 Centre Street, Concord, NH 03301. Once served, Netherlands will be subject to jurisdiction and venue in this Court.

9.

Defendant Greg L. Forsyth ("Forsyth") is a citizen and resident of the State of Georgia and may be served with the Summons and Complaint at his residence located at 24 Ryan Way, Hoschton, Jackson County, Georgia 30548.

10.

Defendant Billie Jean Ray ("Ray") is a citizen and resident of the State of Georgia and may be served with the Summons and the Complaint at her residence located at 1424 Rockbridge Road, Stone Mountain, DeKalb County, Georgia 30548.

11.

Defendant Sheila Colson is a citizen and resident of the State of Georgia and may be served with the Summons and the Complaint at her residence located at 110 Westcliff Circle, Apartment B, Warner Robbins, Houston County, Georgia 31093.

12.

Venue is properly laid in this forum and is predicated on 28 U.S.C. § 1391(b)(2) inasmuch as this action has been brought within the judicial district in which the events giving rise to the claim arose and 28 U.S.C. § 1397 in that one or more of the defendants reside in this judicial district.

13.

Defendants C.H. Robinson, Zurich, Carolina Beverage, and Netherlands are subject to the personal jurisdiction of this Court pursuant to Georgia's long arm statute, O.C.G.A. § 9-10-91, on the grounds that they transact business within the State of Georgia.

14.

Once served, defendants Forsyth, Ray, and Colson, who are Georgia Residents, will be subject to the jurisdiction of this Court.

**THE UNDERLYING FACTS**

15.

On June 17, 2011, Jesus Pruneda was driving a loaded 2007 Kenworth tractor-trailer southbound on Interstate 85 in Gwinnett County, Georgia near its intersection with Buford Drive / SR 20.

16.

Mr. Pruneda was involved in a multi-vehicle accident with, among others, Ray, Forsyth, and Colson.

17.

Ray, Forsyth, and Colson claim that they were injured during the June 17, 2011 incident and seek from Logicorp, Pruneda, and Home State County Mutual Insurance well in excess of the $1,000,000.00 insurance coverage provided under Logicorp's insurance policy with Home State Mutual Insurance.  The excess amount sought in the interpleader action exceeds $75,000.00.

18.

On September 27, 2012, Charles A. Pannell, Jr., District Judge for the United States District Court for the Northern District of Georgia, signed an order consolidating all pending lawsuits related to the June 17, 2011 accident into one interpleader action, styled *Home State County Mutual Insurance Company v. Logicorp Enterprises, LLC et al.*, civil action file no. 1:12-CV-1068-CAP (the "Interpleader Action"), for purposes of both discovery and trial and adding C.H. Robinson and Carolina Beverage to the case as defendants.

19.

At the time of the June 17, 2011 incident, Pruneda was operating his tractor-trailer on behalf of Logicorp.

20.

At the time of the June 17, 2011 incident, Pruneda was hauling a load of Red Bull energy drink.  The load was brokered by C.H. Robinson through Carolina Beverage and Ozburn-Hessey Logistics, LLC.

21.

Zurich issued a Business Automobile insurance policy, referenced by policy number BAP 8374836-13, to C.H. Robinson Worldwide, Inc. with a policy beginning date of December 31, 2010 and a policy end date of December 31, 2011.

22.

Zurich issued a General Liability Coverage insurance policy, referenced by policy number GLO 8374839-13, to C.H. Robinson Worldwide, Inc. with a policy beginning date of December 31, 2010 and a policy end date of December 31, 2011.

23.

The Netherlands Insurance Company issued an insurance policy, referenced by policy number CBP 8829241, to Carolina Beverage with a policy beginning date of January 14, 2011 and a policy end date of January 14, 2012.

24.

Ozburn-Hessey Logistics, LLC, which had a contract with C.H. Robinson in effect at the time of the June 21, 2011 incident, designed and implemented the loading specifications pertaining to the hauling of the Red Bull product being transported by Mr. Pruneda and Logicorp.  A copy of the loading specifications prepared by Ozburn-Hessey Logistics, LLC is attached hereto as Exhibit "D".

25.

Evidence developed in the Interpleader Action shows that Logicorp was required to comply with the Ozburn-Hessey Logistics, LLC/C.H. Robinson loading requirements for the transport of the Red Bull product.

26.

Evidence developed in the Interpleader Action shows that Logicorp was required to work in conjunction with Carolina Beverage in loading the subject trailer in accordance with the load hauling configuration and specifications.

27.

Evidence developed in the Interpleader Action shows that the Red Bull energy drinks being carried by Logicorp and Pruneda at the time of the incident were improperly loaded by Carolina Beverage, causing a shift of the subject product and affecting the ability of the Logicorp tractor-trailer to come to a stop or

slow down.  (See Rule 26(a)(2) Expert Reports for Barry Brunstein and Nathan Rose, filed in the Interpleader Action, attached hereto as Exhibits "E" and "F").

28.

Evidence developed in the Interpleader Action shows that C.H. Robinson, Carolina Beverage, Logicorp, and Pruneda were required to work together to load the subject trailer involved in the June 17, 2011 motor vehicle accident. (Deposition of Phillip Oliver, an excerpted copy of which is attached hereto as Exhibit "G", pp. 8-10, 15-16, 44-45).

29.

Logicorp and Pruneda qualify as additional insureds under C.H. Robinson Worldwide, Inc.'s Business Automobile insurance policy with Zurich American Insurance Company, policy number BAP 8374836-13.

30.

Logicorp and Pruneda qualify as additional insureds under C.H. Robinson Worldwide, Inc.'s General Liability Coverage insurance policy with Zurich American Insurance Company, policy number GLO 8374839-13.

31.

Logicorp and Pruneda qualify as additional insureds under Carolina Beverage's insurance policy with The Netherlands Insurance Company, policy number CBP 8829241.

## COUNT I –ZURICH POLICY NO. BAP 8374836-13 PROVIDES COVERAGE TO LOGICORP AND PRUNEDA FOR THE CLAIMS ARISING OUT OF THE MOTOR VEHICLE ACCIDENT

32.

Plaintiff realleges and incorporates by reference paragraphs 1-31 of the Complaint as though they have been fully set forth herein.

33.

This is a declaratory judgment action filed pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, in which plaintiff seeks a declaration from this Court that C.H. Robinson Worldwide, Inc.'s Business Automobile insurance policy with Zurich American Insurance Company, policy number BAP 8374836-13, provides additional insurance coverage to Logicorp and Pruneda for the claims of the allegedly injured claimants arising out of the June 17, 2011 incident.

34.

Zurich policy no. BAP 8374836-13 Section II- Liability Coverage Part A provides:

**1. Who Is An Insured**

The following are "insureds".

a. You for any covered "auto".
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . . .

35.

The Zurich policy no. BAP 8374836-13's Business Auto Declarations provides symbol number "1" coverage for liability coverage in the amount of $5,000,000.00.

36.

In Zurich policy no. BAP 8374836-13, symbol number "1" coverage is referred to as "any auto" liability insurance coverage.

37.

The allegedly injured claimants in the Interpleader Action contend that C.H. Robinson brokered the load of Red Bull product through Carolina Beverage and Ozburn-Hessey Logistics, LLC for transport by Logicorp Enterprises and Mr. Pruneda. As a result, Mr. Pruneda and Logicorp were operating an auto "hired"

and "borrowed" by C.H. Robinson to carry the subject load at the time of the June 17, 2011 motor vehicle accident and are entitled to additional insured insurance coverage under Zurich policy number BAP 8374836-13.

38.

Zurich policy no. BAP 8374836-13 also contains an MCS-90 endorsement that states that the subject C.H. Robinson business auto policy is primary and contains a liability insurance limit of $5,000,000.00 for each incident.

39.

Zurich policy no. BAP 8374836-13 also contains a Lessor-Additional Insured And Loss Payee endorsement, with form number CA 20 01 03 06, which adds as additional insureds those individuals and entities required by written contract.

40.

C.H. Robinson and Ozburn–Hessey Logistics, LLC ("OHL") specifically contracted with one another and required that C.H. Robinson, as the carrier broker, maintain $1,000,000.00 in liability insurance coverage per occurrence and $2,000,000.00 aggregate coverage for bodily injury and property damage.

41.

In addition, section 12 of the C.H. Robinson and OHL contract specifically states that "***Carrier's insurance shall be primary and required to respond and pay prior to any other available coverage***."

42.

Section 3 of the OHL/C.H. Robinson contract defines "carrier" as "a motor carrier that is engaged by Carrier Broker to provide transportation services pursuant to this Contract."

43.

In this case, the "carrier" engaged by C.H. Robinson was Logicorp Enterprises, LLC.

44.

There would be no need to identify the carrier's insurance policy as providing the primary coverage if excess coverage was not available to the carrier pursuant to the OHL/C.H. Robinson contract, through the Carrier Broker.

45.

As a result, Mr. Pruneda and Logicorp Enterprises are entitled to additional insured insurance coverage under Zurich policy number BAP 8374836-13 as the

"carrier," pursuant to the OHL/C.H. Robinson contract, for the claims being asserted by the allegedly injured claimants.

### COUNT II –ZURICH POLICY NO. GLO 8374839-13 PROVIDES COVERAGE TO LOGICORP AND PRUNEDA FOR THE CLAIMS ARISING OUT OF THE MOTOR VEHICLE ACCIDENT

46.

Plaintiff realleges and incorporates by reference paragraphs 1-45 of the Complaint as though they have been fully set forth herein.

47.

This is a declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, in which plaintiff seeks a declaration from this Court that C.H. Robinson Worldwide, Inc.'s General Liability Coverage insurance policy with Zurich American Insurance Company, policy number GLO 8374839-13, provides additional insurance coverage to Logicorp and Pruneda for the claims of the allegedly injured claimants arising out of the June 17, 2011 incident.

48.

Zurich insurance policy number GLO 8374839-13 contains an additional insured–vendor's endorsement, form number CG 20 15 07 04, requiring that

commercial general liability insurance coverage apply to any written contract executed prior to the loss.

49.

Section 12 of the OHL/C.H. Robinson contract triggers this endorsement insofar as the contract specifically contemplates excess coverage for the "carrier" by designating the carrier's coverage as the primary coverage.

50.

The primary coverage for the carrier in this instance has already been exhausted by payment of the carrier's primary insurance into the court registry.

51.

In addition, there is an additional insured endorsement for owners, lessees, or contractors contained in the Zurich commercial general liability insurance policy.

52.

Because the loading specifications pertaining to the Red Bull product were designed and implemented by OHL, pursuant to the OHL/C.H. Robinson contract, Mr. Pruneda and Logicorp qualify as additional insureds under endorsement form number CG 20 15 07 04.

53.

Paragraph number 10 of the OHL/C.H. Robinson contract states:

Carrier Broker's [C.H. Robinson] relationship to Shipper Broker [OHL] and Customer is that of an independent contactor and not that of an agent or employee, and nothing in this Contract shall be construed as establishing an employment relationship, partnership or joint venture among Carrier Broker, Shipper Broker and Customer.

54.

Paragraph number 10 of the OHL/C.H. Robinson contract specifically omits reference to the "carrier" when disclaiming the existence of a joint venture between the contracting parties.

55.

Evidence developed in the Interpleader Action shows that Logicorp was expected to comply with the OHL/C.H. Robinson loading requirements and also expected to work in conjunction with Carolina Beverage in loading the trailer in question.

56.

This evidence triggers the application of the excess insurance coverage contemplated at pg. 10 of the OHL/C.H. Robinson contract and insured by the referenced endorsement in the C.H. Robinson insurance policy with Zurich.

57.

C.H. Robinson has previously sought coverage from its insurers (including Zurich) when allegations of the existence of a "joint venture" have been made by plaintiffs injured in a tractor-trailer accident. *See*, *e.g.*, *C.H. Robinson Company v. Zurich American Insurance Company and United States Fire Insurance Company*, 2003 U.S. Dist. LEXIS 20154 (D. MINN. 2003) (holding that C.H. Robinson was engaged in a joint venture with the truck driver, the owner of the truck, the company that employed the driver, the owner of the trailer, and the shipper).

58.

Based upon the evidence developed in the Interpleader Action that shows that C.H. Robinson brokered the freight being transported by Pruneda (driver) and Logicorp Enterprises (carrier) at the time of the June 17, 2011 motor vehicle accident based on instructions provided by OHL and implemented by Carolina Beverage, these entities were required to work together in order to properly load the product in question.

59.

As a result, Zurich insurance policy number GLO 8374839-13 provides additional insured insurance coverage to Logicorp and Pruneda for the claims being asserted by the allegedly injured claimants.

## COUNT III – THE NETHERLANDS POLICY NO. CBP 8829241 PROVIDES COVERAGE TO LOGICORP AND PRUNEDA FOR THE CLAIMS ARISING OUT OF THE MOTOR VEHICLE ACCIDENT

60.

Plaintiff realleges and incorporates by reference paragraphs 1-59 of the Complaint as though they have been fully set forth herein.

61.

This is a declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, in which plaintiff seeks a declaration from this Court that Carolina Beverage's insurance policy with The Netherlands Insurance Company, policy number CBP 8829241, provides additional insurance coverage to Logicorp and Pruneda for the claims of the allegedly injured claimants arising out of the June 17, 2011 incident.

62.

The Netherlands Insurance Company policy number CBP 8829241, provides the following language:

I. Additional Insured- By Contract, Agreement or Permit

Paragraph 2. under Section II – Who is an Insured is amended to include as an insured any person or organization when you and such person or organization have agreed in writing in a contract, agreement or permit that such person or organization be added as an additional insured on your policy to provide insurance such as is afforded under this Coverage Part.

63.

Section 9(b) of the April 23, 2009 agreement between Carolina Beverage and Red Bull GmbH provides that Carolina Beverage has an indemnity and defense obligation to Red Bull, its affiliates, and their agents and representatives, among others, arising out of circumstances relevant to the subject June 17, 2011 incident.

64.

Section 10(b) of the April 23, 2009 agreement between Carolina Beverage and Red Bull GmbH further provides that Carolina Beverage shall carry and maintain liability insurance for specified amounts and shall name Red Bull as an additional insured on Carolina Beer's product liability and CGL policies.

65.

Based upon evidence developed in the Interpleader Action that shows that C.H. Robinson brokered the freight being transported by Pruneda (driver) and Logicorp Enterprises (carrier) at the time of the June 17, 2011 incident based on instructions provided by OHL and implemented by Carolina Beverage, the load could not be properly hauled and loaded without the involvement of Logicorp, Pruneda, C.H. Robinson, Carolina Beverage, and Red Bull.

66.

As a result, The Netherlands Insurance Company policy number CBP 8829241 provides additional insured coverage to Logicorp and Pruneda for the claims being asserted by the allegedly injured claimants because Logicorp and Pruneda were required to act as agents and/or representatives of Red Bull in securing the load in question.

**COUNT IV –LOGICORP AND PRUNEDA ARE ENTITLED TO DEFENSE AND INDEMNITY UNDER ZURICH POLICY NOS. BAP 8374836-13 AND GLO 8374839-13 AND NETHERLANDS POLICY NO. CBP 8829241**

67.

Plaintiff realleges and incorporates by reference paragraphs 1-66 of the Complaint as though they have been fully set forth herein.

68.

Based upon the language contained in Zurich insurance policy numbers BAP 8374836-13 and GLO 8374839-13 and Netherlands insurance policy number CBP 8829241 and upon the facts of the underlying June 17, 2011 incident, Logicorp and Pruneda are entitled to defense and indemnity under said insurance policies for the claims being asserted by the allegedly injured claimants in the Interpleader Action.

**WHEREFORE**, plaintiff Logicorp Enterprises, LLC respectfully requests that the Court grant the following relief:

(a)     Declare that Zurich insurance policy number BAP 8374836-13 provides additional insured coverage to Logicorp and Pruneda for the claims being asserted by the allegedly injured claimants in the Interpleader Action;

(b)     Declare that Zurich insurance policy number GLO 8374839-13 provides additional insured coverage to Logicorp and Pruneda for the claims being asserted by the allegedly injured claimants in the Interpleader Action; and

(c)     Declare that Netherlands insurance policy number CBP 8829241 provides additional insured coverage to Logicorp and Pruneda for the claims being asserted by the allegedly injured claimants in the Interpleader Action; and

(d)     Declare that Zurich insurance policy numbers BAP 8374836-13 and GLO 8374839-13 and Netherlands insurance policy number CBP 8829241 provide Logicorp and Pruneda with indemnity and defense rights for the claims being asserted by the allegedly injured claimants in the Interpleader Action.

This 25th day of March 2014.

/s/ Brian J. Duva
Georgia Bar No. 236046
/s/ Aaron A. Miller
Georgia Bar No. 011356
/s/ Andrew M. Capobianco
Georgia Bar No. 012592

*Attorneys for plaintiff*
*Logicorp Enterprises, LLC*

**MOZLEY FINLAYSON & LOGGINS LLP**
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342
(404)256-0700 (telephone)
(404)250-9355 (facsimile)
bduva@mfllaw.com
amiller@mfllaw.com
acapobianco@mfllaw.com